```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

SHERYL LYNN DALPOAS, widow      )
of BOBBY DALPOAS, deceased,     )
                                )
               Plaintiff,       )
                                )
                                ) Case No. CIV-21-169-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
               Defendant.       )
```

## OPINION AND ORDER

Plaintiff Sheryl Lynn Dalpoas requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her request for disabled widow's insurance benefits under the Social Security Act related to her deceased husband, Bobby Dalpoas (the "Claimant"). Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

"substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 49 years old when he died on July 4, 2019. He had a high school education and past work as a construction worker. Claimant alleged an inability to work beginning on December 1, 2016, due to limitations resulting from cirrhosis of the liver and chronic obstructive pulmonary disease ("COPD"). Plaintiff later amended Claimant's onset date to September 15, 2017.

### Procedural History

On May 29, 2018, Claimant filed an application for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and an application for supplemental

security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  The applications were denied initially and upon reconsideration. After Claimant's death, Plaintiff sought survivor's benefits. On December 3, 2019, ALJ Doug Gabbard, II, conducted an administrative hearing in McAlester, Oklahoma, at which Plaintiff testified. On March 18, 2020, ALJ Gabbard entered an unfavorable decision. Plaintiff requested review by the Appeals Council, and on April 12, 2021, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

### Errors Alleged for Review

Plaintiff asserts the ALJ committed error by (1) failing to discuss uncontroverted and/or significantly probative evidence that conflicted with his findings, and (2) by failing to consider the materiality of Claimant's alcohol abuse.

**RFC Determination**

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, hernia, COPD, depression, and neurocognitive disorders. (Tr. 17). He determined Claimant could perform light work, except with only occasional climbing of ramps/stairs, no climbing of ladders/ropes/scaffolds, and occasional balancing, stooping, kneeling, crouching, and crawling. Claimant could perform frequent overhead reaching bilaterally, and he was to avoid concentrated exposure to fumes, odors, dusts, gases, and other pulmonary irritants. The ALJ limited Claimant to semi-skilled work, "which requires understanding, remembering and carrying out some detailed skills, but does not require doing more complex work duties)[,]" interpersonal contact with supervisors and co-workers on a superficial work basis, and routine work supervision. (Tr. 19).

After consultation with the vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of cashier II, small product assembler, and housekeeping cleaner, all of which he found existed in sufficient numbers in the national economy. (Tr. 23). As a result, the ALJ concluded Claimant had not been under a disability from September 15, 2017, through the date of the decision. *Id*.

Plaintiff contends that in reaching Claimant's RFC determination, the ALJ failed to address a significant portion of

5

the medical findings and other evidence in the record. Specifically, Plaintiff asserts that the ALJ failed to acknowledge that Claimant was deceased in the decision, failed to discuss Plaintiff's hearing testimony regarding Claimant's difficulties walking and leaving his house, and failed to discuss several medical findings related to Claimant's physical and mental impairments, which conflict with his findings.

"[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). The ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). However, "[w]hen the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004).

Although there are several medical records that were not specifically discussed in the ALJ's decision, the ALJ's RFC assessment is supported by substantial evidence. The ALJ determined Claimant's degenerative disc disease, hernia, COPD, depression, and neurocognitive disorders were severe impairments,

6

and he concluded Claimant's substance addition (alcohol) disorders, liver cirrhosis, hiatal hernia, astigmatism, myopia, presbyopia, obesity, diabetes, small partial bowel obstruction, portal hypertension, cholelithiasis, nicotine dependence, gastritis, and vitamin D deficiency were non-severe impairments. He specifically noted that he considered both Claimant's severe and non-severe impairments when assessing the RFC. (Tr. 17-18).

In assessing Claimant's RFC, the ALJ indicated he considered the entire medical record, even when not "explicitly discussed." (Tr. 20). The ALJ did discuss certain treatment records related to Claimant's degenerative disc disease, hernia, COPD, and depression. (Tr. 20, 374-95). The ALJ discussed the consultative psychological examinations of Claimant by Kathleen Ward, Ph.D., from August of 2017 and September of 2018. (Tr. 21, 368-72, 761-66). He also discussed the consultative physical examination of Claimant by Terry L. Kilgore, M.D., from September of 2018. (Tr. 21, 768-80).

The ALJ next summarized the opinion evidence in the record and determined how persuasive the evidence was in assessing Claimant's RFC. He found the state agency physicians' opinions from November of 2018 and March of 2019 regarding Claimant's physical impairments to be "partially persuasive." The agency physicians reviewed the medical evidence in detail. The ALJ noted that the state agency physicians "opined that [Claimant] was

limited to [l]ight [w]ork with occasional postural and frequent overhead reaching. This is supported by cited findings of back pain and is consistent with the evidence of the longitudinal record that indicates the ability to ambulate independently with some tenderness to palpation." He noted, however, that the state agency physicians did not include any environmental limitations, which he determined were supported by "findings of cardiopulmonary disease and . . . with mild symptoms by Dr. Kilgore." (Tr. 21, 71-74, 87-89, 107-10, 124-27). Regarding the state agency psychologists, they also reviewed the records in detail. The ALJ agreed with their functional limitations, except he determined that their findings that Claimant did not have limits in social interaction were not supported by findings in the record of depression, suicidal ideation, and language problems. (Tr. 21, 68-70, 74-76, 83-85, 89-91, 103-06, 110-11, 121-23, 127-29).

The ALJ further considered Claimant's subjective complaints and the testimony of Plaintiff from the hearing. (Tr. 20). Although the decision does not acknowledge that Claimant was deceased, it is clear from the transcript of the administrative hearing that the ALJ was made aware that Claimant had passed away. (Tr. 32-33).

Although this Court agrees with Plaintiff that the ALJ could have included a more detailed summary of the evidence in his decision, Plaintiff has failed to show that the evidence demonstrates that Claimant's functional limitations are greater

8

than those included by the ALJ in the RFC assessment. *See Howard*, 379 F.3d at 947 ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened."). Moreover, Plaintiff has failed to point out specific conflicts with the evidence and Claimant's RFC and has not explained what greater functional limitations should have been included in the RFC. This Court finds no error as "substantial evidence in the record supports the ALJ's RFC determination in this particular case." *Id*. at 947.

### Effects of Alcohol Abuse

Plaintiff also argues that the ALJ failed to discuss whether Claimant's alcohol abuse was "material" to a finding of disability. She asserts that had the ALJ properly considered the evidence, it would have demonstrated that Claimant was unable to work based upon all of his impairments, including his alcohol abuse, which would have prompted the materiality inquiry.

The ALJ considered Claimant's alcohol abuse in the decision. Although he determined it was a non-severe impairment at step two (Tr. 17-18), he considered it with Claimant's other impairments when determining the RFC. (Tr. 18-21). Because the ALJ determined Claimant was not disabled, he was not required to determine whether Claimant's alcohol abuse was a contributing factor material to the disability determination. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("The implementing regulations make clear

9

that a finding of disability is a condition precedent to an application of [42 U.S.C.] § 423(d)(2)(C). 20 C.F.R. §[§ 404.1535(a),] 416.935(a). The Commissioner must first make a determination that the claimant is disabled. *Id*."). The Court finds no error.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 27th day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE